```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

JOSHUA JONES,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  10 C 7929
                                 )
SNAPPLE BEVERAGE CORP., etc.,    )
et al.,                          )
                                 )
          Defendants.            )

## MEMORANDUM ORDER

Snapple Beverage Corp. and American Bottling Company ("American Bottling") have filed their Answer and Affirmative Defenses ("ADs") to the Complaint brought against them by American Bottling's ex-employee Joshua Jones ("Jones").[1] This memorandum order is issued sua sponte because of the troubling nature of American Bottling's ADs.

What defense counsel (even, as in this case, knowledgeable defense counsel) too often forget in the course of drafting responsive pleadings is that the notice pleading principle embodied in the Federal Rules of Civil Procedure ("Rules") is applicable to defendants as well as to plaintiffs. There is frankly no justification for including the telltale phrase "to the extent" in an AD, for that gives no clue as to whether an AD is legitimate or is simply included as part of a laundry list set

---

[1] Because n.1 to the Answer identifies American Bottling and not its codefendant as Jones' ex-employer, this memorandum order will speak only of his asserted claims against American Bottling.

out under an everything-but-the-kitchen-sink approach. Hence a number of the existing ADs must be recast to apprise Jones' counsel and this Court of just what American Bottling and its counsel claim runs afoul of Rule 8(c) and the caselaw applying it--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

There are several other flaws in the ADs as they are presented. Though Jones' counsel may perhaps identify other problems, this Court has noted the following:

   1. AD 1, which essentially states the equivalent of a Rule 12(b)(6) motion, is simply dead wrong when Jones' allegations are accepted as gospel, as Rule 8(c) requires. Can defense counsel really advance that contention in the objective good faith required under Rule 11(b)?

   2. Purely conclusory statements such as those in ADs 4 and 8 are totally uninformative and are stricken. American Bottling may of course seek to restate those contentions in a meaningful and informative manner.

   3. AD 9 is both needless and meaningless as a hedge regarding future developments in the litigation. If and when American Bottling learns of any new ADs that are not subject to forfeiture under applicable legal doctrines, it may seek to bring such matters on by appropriate motion.

Accordingly all of American Bottling's proposed ADs are stricken, if only to wipe the slate clean. But leave is of course granted to replace them with one or more ADs that follow the rules on or before February 7, 2011.

                                                       _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date: January 27, 2011